**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BEASTGRIP, CO.,

Plaintiff,

v.

PHOTOGRAPHY AND CINEMA INC. and Ye Xu,

Defendants.

Case No.: 17-cv-611

**JURY TRIAL DEMANDED**

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Beastgrip, Co. ("Beastgrip"), for its Complaint against Defendants Photography and Cinema Incorporated ("P&C") and Ye Xu ("Xu") (collectively, the "Defendants"), states as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**PARTIES**

2. Plaintiff Beastgrip is a company organized and existing under the laws of Illinois, with its principal place of business at 1269 Rand Road, Des Plaines, Illinois.

3. On information and belief, Defendant P&C is a corporation organized and existing under the laws of Texas, with its principal place of business at 6229 Corporate Drive, Houston, Texas.

4. On information and belief, Defendant Xu is an individual residing in Sugar Land, Texas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over P&C because, on information and belief, P&C has committed acts of patent infringement giving rise to this action within the State of Illinois, including but not limited to offering for sale, selling, and using the Cinema Mount II product ("Accused Product") in the State of Illinois, thereby establishing minimum contacts such that the exercise of personal jurisdiction over P&C does not offend traditional notions of fair play and substantial justice.

7. This Court has personal jurisdiction over Xu because, on information and belief, Xu has committed acts of patent infringement giving rise to this action within the State of Illinois, including but not limited to offering for sale, selling, and using the Accused Product in the State of Illinois through various websites registered in his name, thereby establishing minimum contacts such that the exercise of personal jurisdiction over Xu does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

9. The allegations set forth in the foregoing paragraphs 1 through 8 are hereby re-alleged and incorporated herein by reference.

### The '120 Patent

10. On November 24, 2015, U.S. Patent Number 9,195,120 ("the '120 Patent"), entitled "Universal Adjustable Lens Adapter," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '120 Patent is attached as **Exhibit 1** to this Complaint.

11. The innovations disclosed in the ’120 Patent relate “generally to smartphone accessories. More specifically, the present invention is a universal adjustable lens adapter and rig system for smartphones.” (Ex. 1 at 1:8-11). The invention was designed to “provide a means to utilize multiple existing lens and camera accessories with a smartphone or tablet. . . and to be modular and universally adaptable to all smartphone or tablet devices and camera accessories.” (Ex. 1 at 2:1-6).

12. A product operating according to an embodiment of the ’120 Patent includes “a lens mount assembly, a handle assembly, and a clamp mount assembly.” (Ex. 1 at 2:50-52).

13. The clamp mount assembly is “adjustable and spring loaded to secure a smartphone in place within the universal adjustable lens adapter and rig system.” (Ex. 1 at 1:45-47).

14. The lens mount assembly is “adjustable to align the smartphone camera” with a “standardized threaded lens mount ring for accommodating add-on lenses.” (Ex. 1 at 1:50-54).

15. The handle assembly includes “a first handle and a second handle that allow a user to hold the universal adjustable lens adapter and rig system with two hands for a high degree of stability.” (Ex. 1 at 1:54-57).

16. In one embodiment, the smartphone is positioned in the clamp mount assembly in order to be horizontally aligned with the aperture of the lens mount base. (Ex. 1 at 7:44-60). Following the horizontal alignment, the aperture of the lens mount base is then vertically aligned with the camera lens. (Ex. 1 at 8:7-11).

17. The ’120 Patent and all rights thereto are validly assigned to Beastgrip, Co.

18. The Beastgrip Pro (“Patented Product”) is covered by the ’120 Patent, and its box packaging was marked with the patent number as early as March 2016.

**The ’979 Patent**

19. On September 6, 2016, U.S. Patent Number 9,435,979 (“the ’979 Patent”), entitled “Universal Adjustable Lens Adapter,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’979 Patent is attached as **Exhibit 2** to this Complaint.

20. The ’979 Patent is a continuation of United States Patent Application Ser. No. 14/332,077, which issued as the ’120 Patent. Accordingly, it shares a common specification and a common description of its innovations with the ’120 Patent.

21. The ’979 Patent and all rights thereto are validly assigned to Beastgrip, Co.

22. The Patented Product is covered by the ’979 Patent.

## BACKGROUND FACTS

23. On information and belief, Xu is a citizen of China.

24. On information and belief, Xu has used multiple aliases, including Tim Hsu and Tim Xu.

25. Xu is the registered owner of a KOZIRO mark for camera mounts and supports. **Exhibit 4**, KOZIRO Trademark information.

26. Xu is the last listed owner of the KAMERAR mark for camera mounts and supports and additional goods. **Exhibit 5**, KAMERAR Trademark information.

27. Xu is the registered owner of pixeladdix.com (the “Pixel Addix website”). **Exhibit 6**, Pixel Addix website registration information.

28. On information and belief, Xu is the registered owner of kamerar.com (the “Kamerar website”).

29. On information and belief, Xu is the registered owner of photographyandcinema.com (the “P&C” website”).

30. Defendants make, use, sell, and/or offer to sell the "Cinema Mount Mark II" device ("Accused Product") on at least the Pixel Addix, Kamerar, and P&C websites. **Exhibit 7**, Pixel Addix order information; **Exhibit 8**, Kamerar order information; **Exhibit 9**, P&C order information.

31. The KOZIRO mark appears on the packaging of the Accused Product.

32. Xu is the Director, President, and registered agent of P&C. **Exhibit 10**, Texas Secretary of State entity record of P&C.

33. At all relevant times, Xu was and has been the sole officer of P&C.

34. On information and belief, Xu is the President and Director of P&C and has personally authorized, directed, induced, and participated in the operation, maintenance, acts, and conduct of P&C hereinafter complained of.

35. On information and belief, there exists a unity of interest and ownership between Defendants Xu and P&C such that any individuality and separateness of the individual and the corporation has ceased, and P&C is the alter ego of Xu. Xu is jointly and severally liable with P&C for all acts and conduct of P&C hereinafter complained of.

36. On October 6, 2014, Defendants purchased an authorized Beastgrip product. **Exhibit 11**, PayPal transaction details.

37. Defendants used the authorized Beastgrip product and launched an unauthorized competing product line by copying all pertinent elements.

**Notice to Defendants**

38. On September 23, 2015, the USPTO released its Reasons for Allowance of Patent Application 14/332,077, which was published as Patent Publication No. 2015/0029604 and would later issue as the ’120 Patent. The invention claimed in the ’120 Patent is substantially identical to the invention claimed in the published patent application.

39. On October 1, 2015, Plaintiff notified the Defendants of Patent Publication No. 2015/0029604. **Exhibit 12**, First correspondence to Defendants.

40. On October 7, 2015, the Defendants retained counsel and responded to the October 1st letter by proposing licensing terms for the predecessor of the Accused Product, the Cinema Mount Mark I. **Exhibit 13**, Response from Defendants.

41. On January 7, 2016, Plaintiff rejected the prospect of licensing and advised Defendants that a patent had issued. Plaintiff notified Defendants of their infringement of the ’120 Patent. **Exhibit 14**, Second correspondence to Defendants.

42. Despite being on notice, Defendants have continued to make, use, sell, and/or offer to sell the Accused Product.

43. The Accused Product is a universal lens adaptor and rig system that can adjust to any smartphone. **Exhibit 15**, Cinema Mount Mark II User Manual. Upon information and belief, the Accused Product was released in or around July 2016. *See* **Exhibit 16**, Kamerar Blog Post.

44. At all relevant times, the Accused Product has included a lens mount assembly that is connectable with a variety of lens types. Ex. 15.

45. At all relevant times, the Accused Product has included a clamp mount assembly with an expandable design. *See, e.g.,* http://www.photographyandcinema.com/products/cinema-mount-mark-ii.

46. At all relevant times, the Accused Product has included a handle assembly. *Id*.; Ex. 15.

**COUNT I – DIRECT INFRINGEMENT OF THE ’120 PATENT**

47. Beastgrip realleges paragraphs 1 through 46 as though fully set forth herein.

48. The ’120 Patent is valid and enforceable.

49. In violation of 35 U.S.C. §271(a), Defendants have directly infringed, and continue to directly infringe, at least Claims 1, 12, 17, and 19 of the ’120 Patent, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, or selling the Accused Product.

50. Beastgrip has given Defendants notice of their potential infringement by virtue of the letter sent on October 1, 2015, informing Defendants of Patent Publication No. 2015/0029604.

51. Beastgrip has given Defendants actual notice of their infringement of the ’120 Patent by virtue of the letter sent on January 7, 2015, and service or acknowledged delivery of this Complaint.

52. Additionally, Beastgrip has given Defendants constructive notice of their infringement by virtue of marking the box packaging of the Beastgrip product with the ’120 patent number.

53. Beastgrip has been and continues to be damaged by Defendants’ infringement of the ’120 Patent.

54. Beastgrip is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, 284, and 287.

**COUNT II – DIRECT INFRINGEMENT OF THE ’979 PATENT**

55. Beastgrip realleges paragraphs 1 through 54 as though fully set forth herein.

56. The ’979 Patent is valid and enforceable.

57. In violation of 35 U.S.C. §271(a), Defendants have directly infringed, and continue to directly infringe, at least Claims 1, 12, and 17-23 of the ’037 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, offering to sell, or selling the Accused Product.

58. Beastgrip has given Defendants actual notice of its infringement by virtue of service or acknowledged delivery of this Complaint.

59. Beastgrip has been and continues to be damaged by Defendants’ infringement of the ’979 Patent.

60. Beastgrip is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, 284, and 287.

**JURY DEMAND**

61. Beastgrip demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Beastgrip requests that judgment be entered in favor of Beastgrip and against the Defendants, and that Beastgrip be granted the following relief:

(i) A declaration that Defendants have directly infringed one or more claims of the ’120 Patent, either literally and/or under the doctrine of equivalents;

(ii) A declaration that Defendants have directly infringed one or more claims of the ’979 Patent, either literally and/or under the doctrine of equivalents;

(iii) An award of damages sufficient to compensate Beastgrip for Defendants’ infringement of the ’120 Patent and the ’979 Patent pursuant to 35 U.S.C. § 284;

(iv) An award of pre-issuance damages pursuant to 35 U.S.C. § 154;

(v) An award of prejudgment and postjudgment interest pursuant to 35 U.S.C. § 284;

(vi) Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vii) An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285; and

(viii) Such other and further relief as this Court shall deem appropriate.

Dated: January 26, 2017

Respectfully submitted,

*/s/ William Cory Spence*
William Cory Spence (No. 6278496)
Danka Milic (No. 6321127)
**SpencePC**
405 N. Wabash Ave., Ste. P2E
Chicago, Illinois 60611
312-404-8882
william.spence@spencepc.com
danka.milic@spencepc.com

**ATTORNEYS FOR PLAINTIFF BEASTGRIP, CO.**